FILED
08 JUN 10 PM 12: 59
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

1  Olumide K. Obayemi (SBN 219562)
2  The Law Offices of Olumide K. Obayemi
   337 Caliente Circle
3  San Leandro, CA 94578-4144
   Tel/Fax: (510) 352-3000
4  Cell: (510) 798-8732
   E-mail: obayemilaw@yahoo.com
5
6  Attorneys for **AASIA KHANUM and MUHAMMAD ZAMEER**
7
8              UNITED STATES DISTRICT COURT
9      FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO  **JW**
10
11 **AASIA KHANUM and MUHAMMAD**                  **CV 08       2899**
12 **ZAMEER,**                                    Civil Case No.: C-08-……………..

13             Plaintiffs,                        PLAINTIFFS' PETITION FOR A HEARING ON
                                                  A PETITION FOR IMMIGRANT RELATIVE
14      vs.                                       VISA APPLICATION BASED ON AN
                                                  APPROVED PETITION ALIEN RELATIVE (I-
15                                                130) UNDER 8 U.S.C. § 1447(b) AND
   **MICHAEL B. MUKASEY,**                       COMPLAINT FOR WRIT OF MANDAMUS
16 **ATTORNEY GENERAL, UNITED**                   UNDER 28 U.S.C. § 1361, AND AFFIRMATIVE
   **STATES DEPARTMENT OF**                       INJUNCTION PURSUANT TO
17 **JUSTICE, Condoleezza Rice,**                 ADMINISTRATIVE PROCEDURES ACT
   Secretary of State, **UNITED STATES**          ("APA") 5 U.S.C. § 706(2) AND PURSUANT TO
18 **DEPARTMENT OF STATE, UNITED**                THE UNITED STATES CONSTITUTION FOR
   **STATES CITIZENSHIP AND**                     VIOLATION OF PLAINTIFF'S
19 **IMMIGRATION SERVICE, and DOES**              CONSTITUTIONAL RIGHTS TO DUE
   **1-25,**                                      PROCESS AND COMPULSORY DUE PROCESS
20                                                OF LAW.
               Defendants.
21                                                JURY TRIAL DEMANDED
22
23
24
25
26
27
28

AASIA KHANUM Complaint                                                              1

The Law Offices of
Olumide K. Obayemi

## I. COMPLAINT

PLAINTIFFS, AASIA KHANUM and MUHAMMAD ZAMEER, COMPLAIN AS FOLLOWS:

COMES NOW THE PLAINTIFFS, **AASIA KHANUM and MUHAMMAD ZAMEER**, ("the Plaintiffs") through their Attorney, Olumide K. Obayemi, and by and through the undersigned counsel, hereby sue MICHAEL B. MUKASEY, ATTORNEY GENERAL, **Condoleezza Rice,** Secretary of State, UNITED STATES DEPARTMENT OF STATE ("USDOS"), UNITED STATES DEPARTMENT OF JUSTICE ("USDOJ"), UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"),[1] and DOES 1-25 (the Defendants), jointly and severally. As grounds therefor, Plaintiffs allege as follows:

1. This action is brought for a hearing to decide Plaintiffs' Application for Immigrant Relative Visa Application based on an approved Petition for Alien Relative (I-130)[2] filed on August 24, 2005—under Immigration and Nationality Act, Section 201(b), approved by the USCIS on January 27, 2006, and upon which an Interview (on the Immigrant Relative Visa Application) was held on November 27, 2006 at the United States Embassy, Islamabad, Pakistan. A petition pursuant to 8 U.S.C. § 1447(b) is hereby filed due to Defendants' failure to adjudicate Plaintiffs' Immigrant Relative Visa Application that was based on the approved Immigrant Petition for Alien Relative (I-130) within 120 days after the first examination (of November 27, 2006) in violation of the Immigration and Nationality Act ("INA") and 8 U.S.C. § 1447(b).

---

[1]. On March 1, 2003, the INS was transferred from the United States Department of Justice to the newly-created United States Department of Homeland Security. INS responsibilities have since been divided between two main components of the Homeland Security Department – the Directorate of Border and Transportation Security ("BTS") and the United States Citizenship and Immigration Services.

[2]. A citizen or lawful permanent resident of the United States may file this form with U.S. Citizenship and Immigration Services (USCIS) to establish the existence of a relationship to certain alien relatives who wish to immigrate to the United States.

AASIA KHANUM Complaint                                                                                       1

2. Plaintiffs have also brought their complaint and petition pursuant to 8 U.S.C. § 1447(b) and 5 U.S.C. § 706(2) of the Administrative Procedures Act ("APA"), which allows an action by a person suffering a legal wrong because of a final agency action and/or inaction, and pursuant to 28 U.S.C. § 1361, which provides for writs of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiffs. The agency action ("inaction") complained of is the failure of the Department of State, USDOJ, and USCIS to adjudicate the Immigrant Relative Visa Application based on approved Immigrant Petition for Alien Relative (I-130) for a period of almost TWENTY (20) months, which amounts to a constructive denial of the petition.

3. Plaintiffs have sent letters and correspondence to the USDOS (and its Consulate in Islamabad), USDOJ, USCIS and Still, asking them to act on the Petition, but they have failed to act is required. Starting from December, 2006 (See attachment at **Pages 1-24**), and even using the services of the United States' Congressman Mike Honda, and on till the present, plaintiffs have requested the USDOS' controlled consular section at Islamabad, Pakistan, The National Visa Center, USCIS offices to adjudicate their Immigrant Relative Visa Application based the approved Immigrant Petition for Alien Relative (I-130) on or about August 24, 2006, (identified by Filing Receipt #: WAC-05-235-50042 and Alien #: 45-218-412).

4. Defendants have ignored, discarded, and abandoned all of plaintiffs' entreaties. They have responded by repeating the same excuses over and over again.

5. Plaintiffs, upon information and belief, allege that the constructive denial of a petition—*via a two year* inaction, is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2);

## II.   PARTIES

AASIA KHANUM Complaint

2

The Law Offices of Olumide K. Obayemi

6. Plaintiff **AASIA KHANUM** is an individual who is over the age of eighteen (18) years and is a resident of California.

7. Plaintiff **MUHAMMAD ZAMEER** is **ASIA KHANUM**'s lawful husband and is an individual who is over the age of eighteen (18) years and, intends, after the final approval of the Immigrant Relative Visa Application, to reside in California.

8. MICHAEL B. MUKASEY is the United States ATTORNEY GENERAL, and the head of the UNITED STATES DEPARTMENT OF JUSTICE, and is at all times herein relevant, acting in his official capacity.

9. Condoleezza Rice is the United States Secretary of State and the head of the UNITED STATES DEPARTMENT OF STATE, and is at all times herein relevant, acting in her official capacity.

10. Defendant UNITED STATES DEPARTMENT OF STATE ("USDOS"), is an agency of the United States government operating throughout the United States and within the State of California and also directs the issuance of immigrant visas by United States consulates all over the world including the consulate at Islamabad, Pakistan.

11. Defendant UNITED STATES DEPARTMENT OF JUSTICE ("USDOJ") is an agency of the United States government operating throughout the United States and within the State of California.

12. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE ("USCIS") is an agency of the United States government and a division of the Department of Homeland Security operating throughout the United States and within the State of California.

13. Based on the foregoing, as well as the following particulars, Plaintiffs believe, and therefore allege, that they are entitled to all the relief claimed herein, against all the Defendants, jointly and severally.

14.     DOES 1-25 are the agents, employees and/or alter egos of Michael Mukasey, Condoleezza Rice, USDOS, USDOJ, and USCIS. The true names or capacities, whether individual, governmental, corporate or otherwise, of named DOES 1-25, inclusive, are presently unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to assert their true names when the same shall have been ascertained. Plaintiffs are informed and believes and thereon alleges that each of defendants designated herein as a DOE is legally responsible in some manner for the events herein alleged and is, therefore, liable to Plaintiffs for the relief as hereinafter set forth.

### III.    JURISDICTIONAL ALLEGATION
### FEDERAL QUESTION JURISDICTION

15.     Jurisdiction in this case is based on existence of a Federal Question, under 8 U.S.C. § 1447(b) and 28 U.S.C. § 1331. Plaintiffs herein bring suit asserting that Defendants have and continue to violate their constitutional rights. *See* **Bivens v. Six Unknown Fed. Narcotics Agents** (1971) 403 U.S. 388. Specifically, this action arises under the Fifth, Sixth, and Fourteenth Amendments of the United States' Constitution, which guarantee due process of law, *see* **Washington vs. Texas**, 388 U.S. 14, 18 (1967). For the Defendants to grant other aliens' Immigrant Relative Visa Applications and petitions and refuse to adjudicate Plaintiffs/applicants' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) on or about August 24, 2006, (identified by Filing Receipt #: WAC-05-235-50042 and Alien #: 45-218-412) evidence a denial of due process, including undue delay of the processing of the petition.

16.     Plaintiffs seek a hearing under 8 U.S.C. § 1447(b). Plaintiffs further seek judicial review of the final agency action[3] which they asserts is arbitrary, capricious, an abuse of

---
[3]. In this case, plaintiff asserts that defendants' almost twenty months (November 2006 to June

AASIA KHANUM Complaint                                                                                                 4

discretion, unlawful, and in violation of their constitutional rights, pursuant to 5 U.S.C. § 702 and 706(2)(A)&(B) of the Administrative Procedures Act (APA). Plaintiffs seek relief in the form of an affirmative injunction. 5 U.S.C. § 702.

17    Plaintiffs also seek relief in the form of a writ of mandamus compelling the named Federal officials and agencies to perform non-delegable duties owed to Plaintiffs pursuant to Mandamus Act, 28 U.S.C. § 1361.

18.    Venue is proper pursuant to 28 U.S.C. § 1391(e)(3), which provides in relevant part "a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under the color of legal authority, or an agency of the United States, or the United States, may, except otherwise provided by law, be brought in any judicial district in which [] plaintiff resides if no real property is involved in the action."

### III.    ALLEGATION OF FACTS

19.    On or about August 24, 2006, Plaintiff Aasia Khanum filed her Immigrant Petition for Alien Relative (I-130) on or about August 24, 2006, (identified by Filing Receipt #: WAC-05-235-50042 and Alien #: 45-218-412) in California. This Petition was filed at UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE (U.S.C.I.S.). (See attachments at **Pages 44-49**).

20.    The Immigrant Petition for Alien Relative (I-130) filed on or about August 24, 2006, (identified by Filing Receipt #: WAC-05-235-50042 and Alien #: 45-218-412), was filed by Plaintiff Khanum to allow her husband, Muhammad Zameer to emigrate from Pakistan to the United States.

21.    On January 27, 2006, Immigrant Petition for Alien Relative (I-130) filed on or about August 24, 2006, (identified by Filing Receipt #: WAC-05-235-50042 and Alien #: 45-218-

---

2008) inaction is tantamount to a constructive denial of the application filed by Plaintiff— Immigrant Petition for Alien Relative (I-130) on or about August 24, 2006, (identified by Filing Receipt #: WAC-05-235-50042 and Alien #: 45-218-412)..

412) was approved by the USCIS.

22. Thereafter, the approved Immigrant Petition for Alien Relative (I-130) was forwarded by the USCIS to the USDOS and the National Visa Center at Portsmouth. (See attachments at **Pages 31-43**).

23. Plaintiff Khanum and her husband Zameer completed all necessary papers and submitted the requested documents including an affidavit of support.

24. On July 19, 2006, Plaintiff Khanum was notified that her husband—Zameer was scheduled to attend an interview on the Immigrant Relative Visa Application with the United States Consulate at Islamabad in Pakistan—the interview was fixed ***November 27, 2006 at 8.00 am***. (See attachments at **Page 30**).

25. On November 27, 2006, at 8.00 am, Plaintiff Zameer attended the interview on the Immigrant Relative Visa Application which based on the Immigrant Petition for Alien Relative (I-130). (See attachments at **Page 29**).

26. On November 27, 2006, at 8.00 am, *after* Plaintiff Zameer had attended the interview on the Immigrant Relative Visa Application that was based on the Immigrant Petition for Alien Relative (I-130), Plaintiffs were asked to bring the husband's 10 sets of fingerprints and police clearance certificate from United Arab Emirates. Thus, Plaintiffs were informed that additional documents were required to continue the processing of the immigrant visa. (See attachments at **Pages 28-30**).

27. On December 14, 2006, Plaintiffs produced the husband's 10 sets of fingerprints and police clearance certificate from United Arab Emirates as requested at the interview based on the Immigrant Petition for Alien Relative (I-130). (See attachments at **Pages 25-27**).

28. After waiting for several months, Plaintiffs and, later, plaintiffs' attorney made

several enquiries as to the delay in the approval of Plaintiff's Immigrant Relative Visa Application that was based on the approved Immigrant Petition for Alien Relative (I-130). (See attachments at **Pages 1-24**).

29. The only information obtained is that background checks are "still pending."

30. Ever since then, plaintiffs have received no other notice from defendants despite numerous reminders, inquiries, and letters.

31. None of the actions and/or documents in possession of defendants which plaintiffs rely on for the prosecution of their Immigrant Relative Visa Application has been disclosed to plaintiffs. Defendants have shielded from plaintiffs all their actions taken so far, which may have effect on the petition submitted by plaintiffs. Plaintiffs have complied with all the requirements and completed all the forms requested from him, yet, defendants have not disclosed their actions or updates to plaintiffs. For almost 20 months, plaintiffs have been ostracized by the traditional Pakistani members who could not understand why a wife should choose to live separately from her husband contrary to her culture and religion. Plaintiffs' family engagements have almost been adversely terminated due to the inaction of defendants.

**IV. FIRST CAUSE OF ACTION**
**8 U.S.C. § 1447(b)**

**(REQUEST FOR A HEARING DUE AGENCY ACTION, INACTION AND/OR CONSTRUCTIVE DENIAL)**

32. Plaintiffs hereby incorporate herein by reference, replead and reallege each and every allegation contained in paragraphs 1 through 31 of the general allegations as though the same were set forth at length herein.

33. Plaintiffs are requesting a hearing to decide Plaintiffs' Immigrant Relative Visa Application which is based on an approved Immigrant Petition for Alien Relative (I-130) filed on August 24, 2006, and on which an Interview was held on November 27, 2006. A petition pursuant to 8 U.S.C. § 1447(b) is hereby filed due to Defendants' failure to adjudicate Plaintiff's

Immigrant Petition for Alien Relative (I-130), within 120 days after the first examination (of November 27, 2006) in violation of the Immigration and Nationality Act ("INA") and 8 U.S.C. § 1447(b).

## V. SECOND CAUSE OF ACTION
### UNITED STATES CONSTITUTION, AMEND V, VI, and XIV, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS TO COMPULSORY DUE PROCESS AND DUE PROCESS—INACTION, DELAY, CONSTRUCTIVE DENIAL, FAILURE TO ADJUDICATE, & FAILURE TO PRODUCE DOCUMENTATION AND RESULTS WITHIN SOLE POSSESSION OF FEDERAL AGENCIES

34. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and make them part of this cause of action as though fully set forth herein.

35. Defendants USDOS, USDOJ, and USCIS have within their possession documents and information which are necessary to plaintiffs' prosecution of their Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) including but not limited to:

(a) all investigations carried out in the United States and in Pakistan on the Immigrant Relative Visa Application submitted by plaintiffs to defendants on or about August 24, 2005 to November 27, 2006;

(b) all investigations carried out in United Arab Emirates on the Immigrant Relative Visa Application submitted by plaintiffs to defendants in August 2005 through November 27, 2006;

(c) all investigations carried out between the various inter-governmental agencies like the Santa Clara County Sheriff, Santa Clara County Police Department, Federal Bureau of Investigations, San Francisco Asylum Office, Immigration Court in San Francisco, USCIS Office in Laguna Niguel, USCIS Office in San Francisco, Pakistani Government, etc as part of background fingerprint and data collection processes regarding the Immigrant Relative Visa Application submitted by plaintiffs to defendants in 2006 and 2007; and

(d) all personal materials submitted by plaintiffs and forwarded by other law enforcement agencies in support of the I-130 petition and Immigrant Relative Visa Application submitted by plaintiff to defendants in August 2005 through November 27, 2006.

36. Pursuant to the United States Constitution, Amendments V, VI, and XIV, plaintiffs have a constitutional right to due process which encompasses all information and documentation in the possession of USDOS, USDOJ, and USCIS which might reasonably enhance and supplement documents already provided to defendants in support of their application or that

AASIA KHANUM Complaint

8

The Law Offices of Olumide K. Obayemi

might have adverse effect on the application submitted. They also have a right to documents and information that might reflect on the quality and thoroughness of the investigation of the underlying application, and that reflect on the credibility and reliability of reports collected from various agencies.

37. Pursuant to United States Constitution, Amendment VI, Plaintiffs have a constitutional right to compulsory process, which encompasses the right to receive prompt and adequate reply to her inquiries.[4]

38. Plaintiffs have attempted to obtain the necessary documents from defendants from various letters, but defendants have refused to release the result of the Immigrant Relative Visa Application based on the I-130 petition filed by plaintiffs or to release any information or document relating Immigrant Relative Visa Application on the I-130 petition filed.

39. By refusing to release the result of the Immigrant Relative Visa Application filed by plaintiffs or to release any information or document relating to the Immigrant Relative Visa Application filed to plaintiffs, defendants have and continue to violate plaintiffs' constitutional rights, as guaranteed by the United States Constitution, amendments V, VI, and XIV.

40. The actions of Defendants have harmed and prejudiced plaintiffs by withholding from them the result of the Immigrant Relative Visa Application filed by plaintiffs or any

---

[4]. Due Process Rights applicable to immigration proceedings have been stated by the Supreme Cour in **Bridges v. Wixon**, 326 U.S. 135, 154 (1945), where the Supreme Court emphasized the importance of strictly protecting an alien's right to procedural due process thus:

> "Here the liberty of an individual is at stake.... We are dealing here with procedural requirements prescribed for the protection of the alien. Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. That deportation is a penalty--at times a most serious one--cannot be doubted. Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness." (*Ibid.* 326 U.S. 135, 154 (1945)).

AASIA KHANUM Complaint

9

information or document relating to the Immigrant Relative Visa Application, hindering plaintiffs from justly and judiciously prosecuting the processing of their Immigrant Relative Visa Application.

41. If the actions of defendants are permitted to continue, plaintiffs would be irreparably damaged, because, they would have no knowledge of the exact agency delaying their application, have no knowledge about the stage which their Immigrant Relative Visa Application has reached, the nature of additional action to be taken or additional documents to be submitted, or indeed whether defendants have started to work on their case at all, and if the latter is the situation which agency to hold liable. Plaintiffs and other family members in Pakistan continue to be separated and disunited so long as defendants do not act on plaintiffs' Immigrant Relative Visa Application.

42. Plaintiff continues to be an object of ridicule within the Pakistani closely-knit community who believe that Plaintiff Khanum is responsible for the delay in the final approval of the Immigrant Relative Visa Application. For almost 20 months, plaintiffs' numerous engagements in Pakistan and other family engagements have almost been adversely terminated due to the inaction of defendants.

### VI. THIRD CAUSE OF ACTION
### 5 U.S.C. § 706(2)(A)&(B)
### (UNLAWFUL AGENCY ACTION, INACTION AND/OR CONSTRUCTIVE DENIAL)

43. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and make them part of this cause of action as though fully set forth herein.

44. The comprehensive provisions of the Administrative Procedures Act, allows for judicial review of agency action (or lack of agency action, or constructive denial) under 5 U.S.C. §§ 701-706 apply to a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. §704. See also *Heckler v. Chaney*, 470 U.S. 821, 828 (1985).

AASIA KHANUM Complaint

10

45. USDOS, USCIS, and USDOJ have plaintiffs' Immigrant Relative Visa Application in their possession since it was filed in August 2005 through the summer of 2006. But as at June 9, 2008, defendants have refused to act on the petition, and they have continued to withhold all information concerning the processing of the Immigrant Relative Visa Application.

46. The time period from August 24, 2005 and/or November 27, 2006 until June 9, 2008 constitutes an unreasonable long period, and coupled with lack information of the cause of the delay and/or inaction along with the fact that other similarly situated people have had their petitions granted, it shows that defendants' actions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2).

47. If the actions of defendants are permitted to continue, plaintiffs would be irreparably damaged, because, they would have no knowledge of the exact agency delaying their Immigrant Relative Visa Application, have no knowledge about the stage which their application has reached, the nature of additional action to be taken or additional documents to be submitted, or indeed whether defendants have started to work on her case at all, and if the latter is the situation which agency to hold liable. Plaintiffs, husband and wife, and their family members and business partners in Pakistan and other foreign nations continue to be separated and disunited so long as defendants do not act on plaintiffs' Immigrant Relative Visa Application.

48. Plaintiffs continue to lose friends and family members' support, love, and companionship and opportunities in Pakistan because Zameer is in limbo—for almost 20 months.

49. The actions of the Defendants agencies are final.

50. The actions of the Defendants agencies and the named individuals who direct and administer these agencies are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law under 5 U.S.C. § 706(2) and in contravention of plaintiffs' constitutional rights to due process and compulsory due process under the United States Constitution

Amendments V, VI, and XIV.

51. The actions of the USDOS, USDOJ, and USCIS refusing to grant or deny plaintiffs' Immigrant Relative Visa Application or to answer all reasonable inquiries by plaintiffs about the steps taken so far and/or processing have harmed and continue to harm plaintiffs. They hinder the smooth and proper processing of the Immigrant Relative Visa Application.

### VII.  FOURTH CAUSE OF ACTION
### 28 U.S.C. § 1361
### (WRIT OF MANDAMUS)

52. Plaintiffs hereby incorporates b reference all prior paragraphs of this Complaint, and make them part of this cause of action as though fully set forth herein.

53. Pursuant to 28 U.S.C. § 1361, which provides for writs of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiffs. The agency action complained of is the failure of the USDOS and/or USCIS to adjudicate the Immigrant Relative Visa Application based on an approved I-130 Immigrant Petition for Alien Relative for a period of almost 20 months, amounting to a constructive denial of the petition.

54. USDOS, USCIS, and USDOJ have plaintiffs' Immigrant Relative Visa Application in their possession since it was filed in August 2005 through the summer of 2006. As at June 9, 2008, defendants have refused to act on the petition, and they have continued to withhold all information concerning the processing of the Immigrant Relative Visa Application.

55. Plaintiffs have sent inquiries to Defendants asking them to adjudicate on their almost 20 months old petition, release the information on the processing done so far, or disclose other pertinent information on what other steps are needed to be carried out by plaintiff to enable defendants acts justly, defendants have simply ignored plaintiffs for the past 20 months. (See attachments)

56. The time period extending from August 2005 until June 9, 2008 constitutes an

AASIA KHANUM Complaint

12

unreasonable long period, and coupled with lack information of the cause of the delay and/or inaction along with the fact that other similarly situated people have had their petitions granted shows that defendants' actions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

57. If the actions of defendants are permitted to continue, plaintiffs would be irreparably damaged, because, the main purpose for filing the petition would be practically defeated.

58. The actions of the Defendants agencies are final.

59. The actions of the Defendants agencies and the named individuals who direct and administer these agencies are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law under 5 U.S.C. § 706(2) and in contravention of plaintiff's constitutional rights to due process and compulsory due process under the United States Constitution Amendments V, VI, and XIV.

60. The actions of the USDOS, USDOJ, and USCIS refusing to grant or deny plaintiffs' Immigrant Relative Visa Application or to answer all reasonable inquiries by plaintiffs about the steps taken so far and/or processing have harmed and continue to harm plaintiffs. They hinder the smooth and proper processing of the Immigrant Relative Visa Application.

## RELIEF REQUESTED

WHEREFORE, plaintiffs pray for a relief, decree and order against Defendants, jointly and severally, and each of the other defendants named as DOES 1-25, as hereafter set forth:

1. An Order Scheduling Hearing for adjudicating Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) pursuant to 8 U.S.C. § 1447(b).

2. For an affirmative injunction and/or writ of mandamus ordering Defendants to **adjudicate** on Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130)

3. For an affirmative injunction and/or writ of mandamus ordering, that within ten calendar days, Defendants Mukasey, Rice, USDOS USDOJ, and USCIS produce to Plaintiffs *all* documents and information, within their possession, which are necessary for plaintiff's prosecution of Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) including but not limited to:

(a) all investigations carried out in the United States and Pakistan on the Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) submitted by plaintiffs to defendants between August 24, 2005 until June 9, 2008;

(b) all investigations carried out in Pakistan and United Arab Emirates on the Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) submitted by plaintiffs to defendants between August 24, 2005 and June 9, 2008;

(c) all investigations carried out between the various inter-governmental agencies like the Santa Clara County Sheriff Department, Santa Clara County Police Department, Federal Bureau of Investigations, San Francisco Asylum Office, Immigration Court in San Francisco, USCIS Office in Laguna Niguel, USCIS Office in San Francisco, Pakistan and United Arab Emirates Governments, etc as part of background fingerprint and data collection processes regarding the Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) submitted by plaintiffs to defendants in August 2005 through the summer of 2006; and

(d) all personal materials submitted by plaintiff and forwarded by other law enforcement agencies in support of the Plaintiffs' Immigrant Relative Visa Application based on an approved Immigrant Petition for Alien Relative (I-130) submitted by plaintiffs to defendants in August 2005 through Summer of 2006.

4. Costs of the proceedings herein;

5. Reasonable attorneys' fees; and

6. All such other and further relief as the Court deems just.

Dated: June 7, 2008

The Law Offices of Olumide K. Obayemi

//s//

Olumide K. Obayemi
Attorneys for Plaintiffs
**AASIA KHANUM and MUHAMMAD ZAMEER**